United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-1282-S-1 |
| | § | |
| ROBERT LEE VASQUEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Robert Lee Vasquez' letter motion for compassionate release. D.E. 586.

### I. BACKGROUND

In 2019, Defendant pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and possession with intent to distribute approximately 5.7 kilograms of methamphetamine. He has served roughly 18 months (7.5%) of his 240-month sentence and has a projected release date of January 4, 2036. He now moves the Court for compassionate release due to the current COVID-19 pandemic. He states that he has exhausted all of his administrative remedies and was "rejected at an institutional level for unjustifiable reasons being that my custody level is classified as being 'medium.'" D.E. 586, p. 1.

### II. LEGAL STANDARD

Defendant cites no legal authority for his motion; however, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
    (I) suffering from a serious physical or medical condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

2

**(B)  Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**

(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)."  U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

## III. ANALYSIS

Defendant is 34 years old and has served less than one tenth of his sentence. He states that he is "at a much higher risk of infection due to my ethnicity and living environment" (D.E. 586, p. 2); however, he does not allege that he has been diagnosed with one or more medical conditions that make him particularly vulnerable to severe illness or death should he contract COVID-19.[1] Moreover, the BOP has not determined any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that he is at no substantial risk of engaging in criminal conduct if released, or that his release to home detention will result in a substantial net reduction of costs to the Federal Government. In fact, the Court is without any information regarding Defendant's disciplinary history while in prison.

---

1. According to the Centers for Disease Control and Prevention, "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?* These conditions include: chronic lung disease; moderate to severe asthma; serious heart conditions; severe obesity; diabetes; chronic kidney disease; and liver disease. Also at a higher risk are people who are immunocompromised due to cancer treatment; smoking; bone marrow or organ transplantation; immune deficiencies; poorly controlled HIV or AIDS; and prolonged use of corticosteroids and other immune weakening medications. *Id.*

While the Court sympathizes with Defendant's plight, "[t]he Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

## IV. APPOINTMENT OF COUNSEL

Defendant also moves the Court to appoint counsel to assist him in this matter. There is no right to counsel in § 3582 or other post-appellate criminal proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceeding). Accordingly, his request is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Defendant's letter motion for compassionate release (D.E. 586) is **DENIED**. His request for a hearing is further **DENIED AS MOOT**.

It is so **ORDERED** this 2nd  day of June, 2020.


_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE